IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM NELSON, III                                                                                    PLAINTIFF

V.                                                                              NO. 4:16-CV-00127-DMB-RP

TIMOTHY MORRIS, Warden; et al.                                                              DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This civil rights action is before the Court for consideration of the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden. Doc. #15.

## I
## Procedural History

On or about June 20, 2016, William Nelson, III, filed a complaint in this Court naming as defendants: (1) Timothy Morris, (2) Detrick Munforde, (3) "M. Honeycutt," (4) "C/O Scott A." Doc. #1. Nelson's complaint alleges civil rights claims arising from "a conflict" with three staff members, which ended in an alleged assault of Nelson at the hands of Honeycutt, Harris, and "C/O Harris." *Id*. at 4–5. On December 5, 2016, Nelson appeared before United States Magistrate Judge Jane M. Virden for a *Spears* hearing. Doc. #14.

On January 9, 2017, Judge Virden issued a Report and Recommendation ("R&R") addressing Nelson's claims. Doc. #15. In the R&R, Judge Virden characterizes Nelson's claims as sounding in excessive force, failure to protect, and denial of medical treatment. *Id*. Based on the testimony at the *Spears* hearing and the allegations in Nelson's complaint, Judge Virden recommends that: (1) the denial of medical treatment claims be dismissed because the person responsible for Nelson's medical treatment was not named as a defendant and Nelson has not "alleged that he or she knowingly disregarded an excessive risk to Nelson's health or safety;" (2) the claims against Morris be dismissed because Nelson has failed to allege a basis for supervisory liability; and (3) the claims for failure to protect and excessive force proceed against Munforde,

Honeycutt, "Scott A.," and "Corrections Officer Harris." *Id*. In light of these recommendations, Judge Virden, by separate order, added "Corrections Officer Harris" as a defendant in this action. Doc. #16. Nelson acknowledged receipt of the R&R on January 20, 2017, Doc. #18, but filed no objections to Judge Virden's recommendations.

## II
## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

The Court has reviewed the R&R and found no plain error on the face of the record. Accordingly, the R&R [15] is **ADOPTED** as the order of the Court. Nelson's claims for failure to protect and excessive force brought against Munforde, Honeycutt, "Scott A.," and Harris may proceed. All other claims are **DISMISSED**.

**SO ORDERED**, this 10th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**