IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM NELSON                                                                      PLAINTIFF

V.                                                                     NO. 4:16-CV-127-DMB-JMV

TIMOTHY MORRIS, Warden, et al.                                                     DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #48.

**I
Procedural History**

On April 16, 2018, United States Magistrate Judge Jane M. Virden held an evidentiary hearing on the only claims remaining in this case—William Nelson's claims for excessive force and failure to protect brought against Leryan Harris, Michael Honeycutt, Detrick Munford,[1] and Ann Dreka Scott. *See* Doc. #45. Nine days later, Judge Virden issued a Report and Recommendation recommending that judgment be entered in the defendants' favor. Doc. #48 at 14. Nelson objected to the Report and Recommendation on or about May 8, 2018. Doc. #50.

**II
Standard**

28 U.S.C. § 636(b)(1)(B) authorizes a district judge to designate a magistrate judge to conduct an evidentiary hearing "and to submit … proposed findings of fact and recommendations for the disposition, by a judge of the court, of any … prisoner petition[] challenging conditions of confinement." "This hearing is the equivalent of a bench trial …." *Story v. Norwood*, 659 F.3d

---

[1] Although the complaint lists "Detrick Munforde" as a defendant, it appears the proper spelling is "Detrick Munford." *See* Doc. #25.

680, 684–85 (8th Cir. 2011). Thus, "[t]he magistrate judge [is] entitled to make credibility determinations regarding the evidence at such a hearing." *Washington v. Parker*, No. 94-50593, 53 F.3d 1282, 1995 WL 295953, at *2 (5th Cir. Apr. 27, 1995).

Following a report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." 28 U.S.C. § 636(b)(1). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

### III
### Analysis

The Eighth Amendment to the United States Constitution, as incorporated against the states through the Fourteenth Amendment, prohibits the use of cruel and unusual punishment against prisoners. *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991). Cruel and unusual punishment includes the use of excessive force by prison officials. *Dawson v. Anderson Cty.*, 769 F.3d 326, 329 (5th Cir. 2014).

The "core judicial inquiry" of an Eighth Amendment claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016). The evaluation of intent is governed by five factors: (1) "extent of injury suffered," (2) "the need for application of force," (3) the relationship between that need and the amount of force used," (4) "the threat reasonably perceived by the responsible officials," and (5) "any efforts made to temper the severity of a forceful response." *Id*. at 452–53.

At the hearing, Nelson testified that at the Mississippi State Penitentiary on May 4, 2016: (1) Shalanda Payne, a female officer, called him into the hall outside Unit 29-E to issue a Rule

Violation Report ("RVR"); (2) after receiving the RVR, he slammed his pen down on a podium and engaged in a "verbal confrontation" with Payne; (3) during the confrontation, Payne kicked the podium towards him; (4) he tried to retreat from Payne but was restrained by two other officers—Jennifer White and Barbara Johnson; (5) the three officers sprayed him with mace before he managed to return to his unit; (6) after returning to his unit, he laid on the floor so the officers would not hurt him; (7) Detrick Munford and another corrections officer dragged him back into the hallway and stomped on his head and back; (8) Munford then handcuffed him and led him to the holding tank of Unit 29-E, where Harris, Honeycutt, and Scott severely beat him. *See* Doc. #48 at 1–2. According to Nelson, he suffered a throat injury during the altercation and filed forms requesting treatment for this injury. *Id.* at 3.

Also at the hearing, Munford, Harris, and Honeycutt offered testimony that, taken together, showed: (1) Nelson brutally attacked Payne, White, and Johnson, leading to the hospitalization of all three officers; (2) the attack led to an "officer down" call throughout the facility; (3) when officers responded to the "officer down" call, they found other inmates attacking Nelson in response to his attack on the female officers; (4) Honeycutt and Munford attempted to separate Nelson from the attacking inmates; (5) somebody restrained Nelson while he was still within Unit 29-E; and (6) Harris, Honeycutt, and other officers escorted Nelson to the holding cell until he was taken for medical care. *Id*. at 5–7.

Ultimately, Judge Virden found Nelson not credible based on certain inconsistencies in his testimony, specifically between: (1) his testimony that he never struck an officer and the undisputed hospitalizations of White, Payne, and Johnson, and documentary evidence showing that he attacked Munford and another officer; (2) his account of an allegedly severe attack by the officers and medical records showing minor injuries; and (3) his testimony that he suffered a throat

3

injury and the absence of any reference to a throat injury in medical records related to the incident. Doc. #48 at 9–11. Judge Virden also noted that Nelson's account of the initial encounter with White, Payne, and Johnson was "odd" because he had not named the officers as defendants. *Id*. at 10. Having declined to credit Nelson's story, Judge Virden found that Nelson had failed to establish a claim of excessive force against any of the officers.[2] *Id*. at 14.

Nelson objects to the R&R's credibility determinations on eight grounds: (1) he did not name White, Johnson, and Payne as defendants because he was not sure they were involved in the assaults; (2) there is no evidence the injuries to White, Johnson, and Payne were severe, and the fact that no charges were brought against him suggests he did not attack the officers; (3) his earlier complaints regarding the throat injury are in his medical record but are being hidden by corrections officials; (4) his neck injury was not visible to officials at the time of the incident, so was not recorded by nurses; (5) his injuries were not minor; (6) the testimony of the defendants that he was attacked by inmates is inconsistent with the fact that no reports from the incident mention such an attack; (7) the defendants offered inconsistent accounts of the events; and (8) none of the defendants made a formal report regarding the incident. Doc. #50. Nelson also contends, without support, that certain missing evidence would help prove his case.[3] Doc. #51 at 2–3.

The Court has conducted a de novo review of the R&R and concludes that Judge Virden properly declined to credit Nelson's account of the May 4 incident. A court should make a credibility determination based on a witness' "demeanor and inflection," and whether

---

[2] The R&R does not discuss the related claims for failure to protect. Because a failure to protect claim depends on a finding of excessive force, such claims must necessarily fail when an excessive force claim fails. *See Gilbert v. French*, No. H-06-3986, 2008 WL 394222, at *8 (S.D. Tex. Feb. 12, 2008) ("Without an underlying display of excessive force for officers to protect against, the officers are entitled to summary judgment on Gilbert's failure to intervene claim.").

[3] To this end, Nelson filed a post-hearing motion for discovery. Doc. #51. Judge Virden denied it. Doc. #52.

"[d]ocuments or objective evidence may contradict the … story; or [whether] the story itself [is] … internally inconsistent or implausible on its face …." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

While the undersigned did not observe Nelson during the evidentiary hearing, the audio recording from the hearing is a part of the record. The recording reveals a credible demeanor and inflection on the part of Nelson. However, as Judge Virden observed, Nelson's account of the May 4 incident—specifically, his statement that he never struck an officer—is inconsistent with near-contemporaneous documentary evidence (rule violation reports and an incident report) stating that he struck multiple officers. *See* Def. Exs. 1 & 3. Nelson's statements regarding the injuries he suffered are also implausible under the circumstances. Although Nelson testified he was kicked and stomped by multiple officers on two separate occasions, he suffered no injury more severe than two swollen eyes, which appear attributable to the earlier use of mace. *See* Pl. Ex. 1. Furthermore, it is implausible that trained medical professionals would not make a record of a fractured larynx because the injury was not visible.

Against these inconsistencies, the defendants in this case offered largely consistent testimony that Nelson was treated firmly but fairly. While Nelson points to certain inconsistencies in the defendants' observations regarding the conditions of White, Johnson, and Payne, these differences may be explained by the fact that the various defendants arrived at the scene at different times.[4]

In sum, Nelson offered testimony that was implausible and inconsistent with relevant documentary evidence, and which conflicted with the better-supported testimony of the

---

[4] Nelson also argues there is an inconsistency between an officer's observation that he was "in compliance" at one point during the incident, and White's observation, as reported in a rule violation report, that he was striking officers. However, in the absence of any indication that the officer and White were referring to the same time period, the Court finds no inconsistency.

defendants. Under these circumstances, the Court, after conducting a de novo review of the evidence, concludes that Judge Virden properly made an adverse credibility determination as to Nelson and properly made factual findings in this case. In the absence of any additional evidence of excessive force, the Court also agrees with Judge Virden that Nelson's excessive force claims fail.

## IV
## Conclusion

For the reasons above, the Report and Recommendation [48] is **ADOPTED** as the order of the Court. Nelson's claims are **DISMISSED with prejudice**. A final judgment will issue separately.

**SO ORDERED**, this 18th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**